

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

October 29, 2004

Joseph F. Savage, Jr., Esq.
Kevin J. Cloherty, Esq.
Testa, Hurwitz & Thibeault, LLP
125 High Street
Boston, MA 02110

  re:  Mary Gildea

Dear Messrs. Savage and Cloherty:

  This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Mary Gildea ("Defendant"), in the above-captioned case. The Agreement is as follows:

  1.  <u>Change of Plea</u>

  At the earliest practicable date, Defendant shall waive indictment and plead guilty to Count 1 (Conspiracy, 18 U.S.C. §371); Counts 2-12 (Mail Fraud, 18 U.S.C. §1341); Counts 13-17 (ERISA False Statement, 18 U.S.C. §1027); and Counts 18-23 (Subscribing False Tax Returns (26 U.S.C. §7206(1)) of an Information in substantially the form attached. Defendant expressly and unequivocally admits that she in fact knowingly, intentionally and willfully committed the crimes charged in Counts 1-23 of the attached Information, and is in fact guilty of those offenses.

  Defendant acknowledges that the U.S. Attorney's offer to enter into this agreement is interdependent with the U.S. Attorney's offer to Defendant's spouse, Carlos Gomez, to enter into a separate agreement regarding his plea to criminal charges against him.

  2.  <u>Penalties</u>

Defendant faces the following maximum penalties on each of the following counts:

Count 1 (Conspiracy):
  5 years imprisonment
  $250,000 fine (or twice the gross gain from the offense)
  3 years supervised release
  $100 special assessment

Counts 2-7, 9-10 (Mail Fraud):
    5 years imprisonment
    $250,000 fine (or twice the gross gain from the offense)
    3 years supervised release
    $100 special assessment

Counts 8, 11-12 (Mail Fraud):
    20 years imprisonment
    $250,000 fine (or twice the gross gain from the offense)
    3 years supervised release
    $100 special assessment

Counts 13-17 (ERISA False Statement):
    5 years imprisonment
    $250,000 fine (or twice the gross gain from the offense)
    3 years supervised release
    $100 special assessment

Counts 18-23 (Subscribing False Tax Returns)
    3 years imprisonment
    $250,000 fine (or twice the gross gain from the offense)
    1 year supervised release
    $100 special assessment

3.    <u>Sentencing Guidelines</u>

(a)    Defendant reserves the right to take the position that the United States Sentencing Guidelines are unconstitutional and cannot properly be applied in this case. Alternatively, defendant reserves the right to take the position that the United States Sentencing Guidelines may serve as a guide to the Court but cannot constitutionally be deemed to bind the Court's sentencing determination.

(b)    The U.S. Attorney reserves the right to take the position that the United States Sentencing Guidelines are constitutional and govern this case.

(c)    To the extent that sentencing in this case is, or may be, controlled or guided by the United States Sentencing Guidelines, the parties agree jointly to take the following positions:

i.    The applicable version of the United States Sentencing Guidelines includes amendments effective November 1, 2003, and the following provisions for calculating Defendant's offense level apply:

GROUP 1 (Offenses Involving Fraud or Deceit)

| | | |
|---|---|---|
| §2B1.1(a): | Base offense level | 7 |
| §2F1.1(b)(1)(c): | Adjustment for loss (>$2,500,000, <$7,000,000) | 18 |
| Group 1 total offense level | | 25 |

GROUP 2 (Fraudulent or False Tax Returns)

| | | |
|---|---|---|
| §2T1.1 (a)(1) | Level from §2T4.1 (Tax Table) corresponding to the tax loss (>$400,000 and <$1,000,000) | 20 |
| Group 2 total offense level | | 20 |

COMBINED OFFENSE LEVEL
§3D1.4    Number of Units:
        Group 1    1 unit
        Group 2    ½ unit
        total       1½ units   add 1 level ........................ 1
                                                                                      26

       (d)    The U.S. Attorney reserves his right to fully inform the Court and the Probation Office with regard to any and all allegations of misconduct by Defendant, including conduct not charged in the Information.

       (e)    Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

       The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between her execution of this Agreement and sentencing Defendant:

                (i)    Fails to admit a complete factual basis for the plea;

                (ii)    Fails to truthfully admit her conduct in the offenses of conviction;

                (iii)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

                (iv)    Fails to provide truthful information about her financial status;

                (v)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

    (vi)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

    (vii)    Intentionally fails to appear in Court or violates any condition of release;

    (viii)    Commits a crime;

    (ix)    Transfers any asset protected under any provision of this Agreement; and/or

    (x)    Attempts to withdraw her guilty plea.

(f)    Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

(g)    Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

(h)    The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except as explicitly reserved below. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines, except under the conditions explicitly set forth below:

    (i)    Defendant reserves the right to seek a downward departure, on one or more of the following grounds, separately or in combination, and no others. Defendant reserves the right to argue that:

Pursuant to U.S.S.G. §§5K2.0(a)(1) & (2), incarceration of the defendant will cause Lanco Scaffolding, Inc. to fail and cause more than 25 innocent employees to lose their jobs. United States v. Olbres, 99 F.3d 28 (1st Cir.1996).

Pursuant to U.S.S.G. §2B1.1, n.18 (C), the offense level substantially overstates the seriousness of the offense; accord §§5K2.0(a)(2)(B) & (a)(3) (application of 18 year old certificate of acceptance yields anomalous results); §5K2.0(a)(2)(A)(public benefit).

Pursuant to U.S.S.G. §5K2.0(a)(4): U.S.S.G. §5H1.2 (Education and Vocational Skills) alone and in conjunction with U.S.S.G. §5H1.5 (Employment Record); U.S.S.G. §5H1.6 (Family Ties and Responsibilities, and Community Ties); U.S.S.G. §5H1.11 (Civic, Charitable, Public Service Employment-related contributions and Record of Prior Good Works).

Pursuant to U.S.S.G §5K2.0(c), departure based on a combination of two or more offender characteristics or other circumstances listed above. Taken together, these permissible factors are present to substantial degree. Accord §5K2.0(a)(2)(A).

Defendant believes that her criminal history is Category I. However, Defendant reserves the right to seek a departure, pursuant U.S.S.G. §4A1.3, if Defendant's criminal history is greater than Category I, on the grounds that Defendant's criminal history substantially over-represents the seriousness of the Defendant's criminal history or the likelihood that the defendant will commit other crimes.

(ii)    Defendant agrees that any brief or motion in support of any departure shall be filed not later than four weeks before sentencing is completed. Defendant further agrees, not later than four weeks prior to sentencing, to provide the U.S. Attorney with any records, supporting affidavits or other evidentiary materials (including a description of any anticipated testimony and/or expert opinion) upon which she intends to rely in support of any departure motion.

(iii)   Defendant agrees that failure to comply with the notice requirements set forth in paragraph 4(c)(ii) of this agreement shall operate as a waiver of any ground for departure for which full notice was not supplied.

(iv)    The U.S. Attorney reserves the right to oppose any downward departure.

(i)     In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

4.    <u>Sentence Recommendation</u>

(a)    The U.S. Attorney and the defendant each reserve the right to recommend such sentence as they may deem appropriate.

(b)    Provided that Defendant's spouse, Carlos Gomez, pleads guilty to charges against him, as set forth in the attached Information, and provided that the Court imposes terms of imprisonment for both Defendant and her spouse, the U.S. Attorney will not oppose a request by Defendant that the Court order a date for reporting to the custody of the Bureau of Prisons not later than one month after the completion of the term of imprisonment served by Defendant's spouse.

(c) The U.S. Attorney and the defendant agree jointly to recommend that any sentence in this case include a term of supervised release, subject to the following conditions:

During the period of supervised release, Defendant must, within six months of sentencing or release from custody, whichever is later:

(i) Cooperate with the Examination and Collection Divisions of the Internal Revenue Service;

(ii) Provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

(iii) Provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

(iv) File accurate and complete tax returns for those years for which inaccurate returns were filed; and

(v) Make a good faith effort to pay all delinquent and/or additional taxes, interest and penalties.

5. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. <u>Protection of Assets for Payment of Restitution and Fine</u>

Defendant agrees not to transfer, or authorize the transfer of any other asset in which she has an interest without prior express written consent of the U.S. Attorney, except for:

(1) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $10,000;

(2) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom she owes a legal duty of support, so long as such assets do not exceed $5,000 per month; and

(3) Attorney's fees incurred in connection with this criminal case and related civil matters.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at

6

sentencing and any tax liability incurred as a result of the conduct charged in the Information are satisfied in full.

Defendant further agrees that, prior to sentencing, she will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7.  Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

8.  Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning her assets.

9.  Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in paragraph one of this Agreement.

Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of her civil liabilities. Defendant specifically authorizes release by the FBI, IRS and the Insurance Fraud Bureau of Massachusetts to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

10. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

12. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

13. <u>Complete Agreement</u>

This letter contains the complete agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Paul G. Levenson.

                        Very truly yours,

                        MICHAEL J. SULLIVAN
                        United States Attorney

By: _____
                        JAMES B. FARMER
                        Assistant U.S. Attorney
                        Chief, Criminal Division

                        STEPHEN P. HEYMANN
                        Assistant U.S. Attorney
                        Deputy Chief, Criminal Division

                        PAUL G. LEVENSON
                        Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of

this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
MARY GILDEA, Defendant

Date: 12/8/04

I certify that Mary Gildea has read this Agreement and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
KEVIN J. CLOHERTY, ESQ.
Attorney for Mary Gildea

Date: 12/8/04