# UNITED STATES DISTRICT COURT
### District of Massachusetts

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>MARY GILDEA | STATEMENT OF REASONS<br><br>Case Number: 1: 05 CR 10022 - 002 - GAO<br>JOSEPH F. SAVAGE, JR<br>Defendant's Attorney |

☐ The court adopts the factual findings and guideline application in the presentence report.

**OR**

☒ The court adopts the factual findings and guideline application in the presentence report, except (see attachment, if necessary):

Pursuant to USSG section 4A1.3, the court determined that the criminal history category II overstated the seriousness of the defendant's record, and that a category I was more accurately reflective of that history.

☐ See Continuation Page

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 23 |
| Criminal History Category: | I |
| Imprisonment Range: | 46 to 57 months |
| Supervised Release Range: | 2 to 3 years |
| Fine Range: | $ $10,000.00 to $ $9,540,198.00 |

| | |
|---|---|
| Defendant's Soc. Sec. No.: 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 | 10/18/05<br>Date of Imposition of Judgment |
| Defendant's Date of Birth: 00-00-1957 | /s/ George A. O'Toole, Jr<br>Signature of Judicial Officer |
| Defendant's USM No.: 25572-038 | The Honorable George A. O'Toole<br>Judge, U.S. District Court<br>Name and Title of Judicial Officer |
| Defendant's Residence Address:<br>14 Darrell Drive<br>North reading, MA  01864 | October 19, 2005<br>Date |

Defendant's Mailing Address:

c/o Lanco Scaffolding, Inc
33 Earle Street,  Somerville, MA  02143

DEFENDANT: MARY GILDEA

CASE NUMBER: 1: 05 CR 10022 - 002 - GAO

Statement of Reasons - Page ____ of __2__

# STATEMENT OF REASONS

☐ Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

☐ Discretionary restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(a)(B)(ii) (or in offenses committed before April 23, 1996, pursuant to 18 U.S.C. § 3663(d)).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because the number of identifiable victims is so large as to make restitution impracticable, pursuant to 18 U.S.C. § 3663A(c)(3)(A).

☐ Restitution pursuant to the mandatory victim restitution provisions is not ordered in this title 18 property offense because determining complex issues of fact and related to the cause of amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process, pursuant to 18 U.S.C. § 3663A(c)(3)(B).

☐ For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

☐ Partial restitution is ordered, pursuant to 18 U.S.C. § 3553(c), for the following reason(s):

DEFENDANT: MARY GILDEA
CASE NUMBER: 1: 05 CR 10022 - 002 - GAO

Statement of Reasons - Page 2 of 2

# STATEMENT OF REASONS

☐ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reasons:

**OR**

☒ The sentence departs from the guideline range:

☐ upon motion of the government, as a result of a defendant's substantial assistance, or

☒ for the following specific reason(s):

Pursuant to USSG section 5K2.0 because the combined circumstances of the likely loss of employment to numerous innocent employees (see United States v Olbres, 99 F.3d 28 (1st Cir. 1996) and serious deleterious impact on innocent minor children (see United States v Rivera, 994 F.2d 992 (1st Cir. 1993) and United States v. Scalmo, 997 F.2d 970 (1st Cir. 1993) in the event of a sentence within the guideline range, all for the reasons stated on the record in open court. A copy of the relevant portion of the transcript is attached.

☐ See Continuation Page

Statemennt of Reasons - Page  4  of  2 

DEFENDANT:    MARY GILDEA
CASE NUMBER:    1: 05 CR 10022 - 002 - GAO

## ADDITIONAL FINDINGS AND GUIDELINES APPLICATIONS EXCEPTION

## ADDITIONAL REASONS FOR DEPARTURE FROM THE GUIDELINE RANGE

```
 1                  UNITED STATES DISTRICT COURT

 2                FOR THE DISTRICT OF MASSACHUSETTS

 3                      Criminal No. 05-CR-10022-GAO-1

 4

 5   *******************************
                                   *
 6   UNITED STATES OF AMERICA      *
                                   *
 7                                 *
     vs.                           *    SENTENCING EXCERPT
 8                                 *
                                   *
 9   CARLOS GOMEZ and MARY GILDEA  *
                                   *
10   *******************************

11

12

13

14        BEFORE:   The Honorable George A. O'Toole
                          District Judge
15

16

17

18

19

20

21

22
                               Richard H. Romanow
23                             Official Court Reporter
                               1 Courthouse Way
24                             Boston, Massachusetts

25                             October 18, 2005
```

```
 1         Now before turning to the departure issues, let me just
 2   turn back to the other factors in the statute as I think they
 3   may apply to this case.
 4         The nature and circumstances of the offense.  This is
 5   Subsection 1.  The need for the sentence as imposed to reflect
 6   the seriousness of the offense, to promote respect for the law,
 7   and to provide just punishment for the offense.  And this is
 8   Subsection 02.  I don't think there's any doubt that the
 9   offenses of conviction are serious offenses.  The codification
10   in dollar terms of the scope of the fraud establishes the
11   seriousness and the manner in which the offenses were
12   committed, I think, underscores it.  As the Government points
13   out, the crimes were deliberately planned and carried out over
14   an extended period.  And had they not been detected, as they
15   ultimately were, they would likely have continued indefinitely
16   until detected.  So the net effect of these considerations, it
17   seems to me, is that there's no mitigation to be found in the
18   nature and circumstances of the offenses.
19         Another factor, in Subsection 1, is the history and
20   characteristics of the defendant.  In each case, the defendant
21   has a very minor criminal history and in each case, as I said
22   before, I think it's appropriately scored in the lowest
23   category, Category I.  So the guidelines, I think, adequately
24   account for that.
25         The need for the sentence imposed to afford adequate
```

1   deterrence to criminal conduct and to protect the public from
2   further crimes by the defendant is in Subsection 2 of the
3   statute.  The need for what we call specific deterrence, that
4   is, aimed specifically is, I think, relatively low.  From all
5   the information provided, it seems to be a low risk that the
6   defendants will recidivate.  On the other hand, a need for a
7   general deterrence aimed at warning other potential defendants
8   away from similar conduct is relatively high.  These occasions
9   or opportunities, um, for fraud of the kind that's outlined
10  here are not uncommon.  And I think any consideration of the --
11  what the sentence ought to be, including any sentence that
12  might be imposed after departure, must take account of the
13  possibility that the sentence must be understood as having some
14  value for lessening the prospect of -- it should not be
15  understood as lessening the prospect of serious punishment for
16  future offenses.  And I think this is a theme that underscores
17  the guidelines as a whole and the congressional dissatisfaction
18  with preguideline sentencing.  We have to be aware of a concern
19  that economic and white collar crimes are not treated in a
20  separate category and on a different scale from other offenses.
21       Now, the last factor that I think needs to be
22  recognized -- well, there's two, really.  One is restitution,
23  but we'll come back to that, but the other one is the need to
24  avoid unwarranted sentencing disparities among defendants with
25  similar records found guilty of similar conduct.  I've already

1    addressed that in terms of the principles that I apply to the
2    consultation of the guidelines.  I'm particularly concerned
3    about its application in this kind of circumstance because I'm
4    aware of other cases, both before me and other judges of the
5    court, where considerations of the kinds that we've principally
6    focused on here have been relied on as a basis for departure.
7    In fact, I'm made aware of a case in which another judge in
8    this court, just a month ago, departed on these grounds with
9    rather similar confluence of impact on a small business and
10   impact on children of a joint husband and wife conviction.
11        Um, the question is which rule becomes the standard and
12   which becomes the outlier?  I think it's a problem that is not
13   easily resolved.  As I said in the outline of principles that
14   apply, I think any given judge has to be conscious of what his
15   fellows are doing conscientiously in applying the principles in
16   the statute and in the case law and in the guidelines.
17        For the reasons I've already mentioned, the request for
18   departure, I think, has to be faced as a, what I call an
19   orthodox departure under the guidelines and not as an end run
20   around them.  The so-called Olbres departure is a ground that
21   has been recognized by the Circuit as possible, as family
22   circumstances have.  In both cases, I think the Court of
23   Appeals admonishes that the application of those principles to
24   effect a departure should be rare and exceptional.  Those words
25   can't be applied, again, without some consciousness of what

else is going on and the real concerns that I have is how slippery the slopes are. Just as we have an obligation to try to be consistent with what others do, the more consistent we are, the less rare we are.

Um, there's no need to reiterate all the facts of the case. I do accept that Mr. Gomez's skills and experience and what might be called his accumulation of business goodwill has some value, probably significant value. I think there's probably a difference between being valuable and being indispensable, but it's impossible to try to express that on any place on the scale with any precision. As Mr. Levenson for the Government points out, and as I've said too many times, one of the saddest but most common facts of sentencing is that innocent family members suffer when another family member, commonly a parent, is punished by incarceration.

Um, so my resolution is that either ground is insufficient in itself, but that taken together, I think they make the circumstance of this case exceptional enough that some relief from the guideline range is appropriate to impose a just sentence. But I do continue to believe that it is important that the punishment be significant enough both as punishment and, after all, that's the primary function, not simply a deterrent value to others or the -- to create a landmark of rehabilitation, but to impose punishment. I think that the reality still has to be accounted for that the community be not

```
 1   further harmed by the punishment the community imposes.  So
 2   in -- so where the balance is, people will reasonably differ.
 3        A period of incarceration is warranted in each case.
 4   Um, I think -- and I think the Government made the suggestion,
 5   particularly to mitigate the impact on the children, that the
 6   service of these periods may be staggered, I think was the
 7   Government's word, where I call it sequential.  And I think in
 8   trying to accomplish all the goals that review an appropriate
 9   sentence, I don't think there's any reason to have a different
10   sentence in this case.  The sentence should be the same.  And I
11   believe it should be the custody of the Bureau of Prisons for a
12   period of 12 months followed by a period of supervised release
13   for a period of four years with the condition that the first 12
14   months be spent in home confinement.  A 50,000 dollar fine in
15   each case.  And full restitution can be determined in
16   accordance with 3664(d)(5).
17        I think in light of the restitution amount, I think the
18   Government's request for a fine is high.  It should be more
19   than minimal, though, I think in part because I think it
20   provides an additional quantum of punishment that might
21   substitute for some lesser deserved punishment from the
22   incarceration.
23        So I think that rather than impose the sentence, since
24   it's identical twice, if you would each stand.
25             MR. SAVAGE:  Your Honor, can I be heard?
```

```
 1              THE COURT:  Yes, you can.  But let me just ask.  I
 2   suggested sequential service, but I leave it to you to decide
 3   the order.  It doesn't matter.  Because it's largely due to
 4   mitigate the harm to the children and not for any business
 5   reason.  I leave it with you to make that choice.
 6              MR. SAVAGE:  Your Honor, I wonder if the Court
 7   would be inclined to entertain increasing the sentence to a
 8   year and a day, so that he could have the opportunity to earn
 9   the good time.
10              THE COURT:  I thought about that, but I chose 12
11   months deliberately.
12              MR. SAVAGE:  After you impose sentence, we would
13   request for the location.
14              THE COURT:  Do you have a --
15              MR. SAVAGE:  We prefer Danbury because --
16              THE COURT:  No, no, I mean as a sequence, because I
17   should say it.  Do you want to talk for a minute?
18              (Off the record discussion.)
19              MR. MANION:  Yes, Mr. Gomez will serve the sentence
20   first, your Honor.
21              THE COURT:  All right.  Miss Gildea, would you
22   stand as well.
23         Carlos Gomez, Mary Gildea, on your conviction of these
24   offenses and pursuant to the Sentencing Reform Act of 1984, it
25   is the judgment of the Court that you be and you hereby are
```

```
 1    committed to the custody of the Bureau of Prisons to be
 2    imprisoned for a term of 12 months.  That consists of equal
 3    terms of 12 months on each of the counts of conviction all to
 4    be served concurrently.  Upon your release from imprisonment,
 5    you should be placed on supervised release for a term of four
 6    years, to consist of terms of two years -- I'm sorry.  To
 7    consist of equal terms on all the counts of conviction to be
 8    served concurrently.  Within 72 hours of your release from the
 9    custody of the Bureau of Prisons, you shall report in person to
10    the district to which you have been released.
11         You shall make restitution to the following as may be
12    ordered by the Court after hearing within 90 days pursuant to
13    Section 3664 of Title 18, the Internal Revenue Service, Liberty
14    Mutual, The Insurance Group Eastern Casualty Insurance Company,
15    the Carpenters Benefit Fund, The Massachusetts Labor
16    Representative, the amount shall be determined and appropriate
17    credit is to be given for any payments already made.  Payments
18    of restitution will be made to the Clerk of the United States
19    District Court for the transfer to the appropriate person.  You
20    shall notify the United States Attorney for this district
21    within 30 days of any change of your mailing or residential
22    address that occurs while any portion of the restitution
23    remains unpaid.  In addition, a fine in the sum of 50,000 is
24    imposed with the same condition with respect to notifying the
25    United States Attorney of any change in your address applies
```

1  while any portion of the fine remains unpaid.
2       It is a condition of your supervised release that the
3  first 12 months be spent in home confinement with an electronic
4  monitor on conditions that can be agreed upon with the
5  Probation Office or, in the absence of agreement, can be
6  determined by the Court.  While you're on supervised release,
7  you should not commit any other Federal, state or local crime.
8  I think that neither PSR indicates any involvement with illegal
9  drugs other than the alcoholism that we heard about.  So I'm
10 going to suspend drug testing conditions.  The defendants shall
11 submit a collection of a DNA sample as directed by the
12 Probation Office.
13      While you're on supervised release, you should comply
14 with all the standard conditions for supervised release that
15 are set forth in the sentencing guidelines.  That's Section
16 5D1.3C, those standard conditions of the guidelines are adopted
17 and incorporated by reference.  In addition, you are prohibited
18 from possessing a firearm, a destructive device, or other
19 dangerous weapon.  You are prohibited from incurring new credit
20 charges or additional lines of credit without the approval of
21 your Probation Officer while the restitution or the fine
22 remains unpaid.  You are to provide the Probation Office with
23 any reasonably requested financial information which
24 information may be shared with the Financial Litigation Unit of
25 the United States Attorney's Office.  You are each to meet with

```
 1   the Internal Revenue Service within the first 30 days of your
 2   supervision, if not earlier, in order to determine what tax
 3   liability may exist and make arrangements for the satisfaction
 4   for that liability.
 5           As to Mr. Gomez only, during the period of your
 6   supervised release, you are prohibited from consuming alcoholic
 7   beverages and may be required to attend Alcoholics Anonymous
 8   meetings or some suitable substitute as may be directed by your
 9   Probation Officer.
10           There is a mandatory special assessment of 100 dollars
11   on each count of conviction.  For Mr. Gomez, the total is 1700
12   dollars, for Ms. Gildea, it's 2300 dollars.
13           Now, there's a request concerning recommendations for
14   placement?
15              MR. SAVAGE:  Two requests, your Honor.  First, I
16   would request the Court to consider recommending to the Bureau
17   of Prisons that the time for Mrs. Gildea be served in a halfway
18   house, I thought Coolidge would be appropriate, or at the
19   discretion of the Bureau of Prisons -- if the Court's not
20   inclined to do that, then we recommend Danbury.
21              MR. MANION:  On behalf of Mr. Gomez, we would like
22   to have a recommendation to Fort Devens.
23              THE COURT:  Well, in each case, it's not my
24   practice to make specific institutional recommendations, but I
25   will add a recommendation that the location of the family be
```

```
 1   taken account of in selecting a place at that time.  I will not
 2   make the first recommendation with respect to Mrs. Gildea.
 3        Now, as to the satisfactory compliance with pretrial
 4   conditions, I see no problem with self-reporting.  Mr. Gomez
 5   will self-report soon and then Mrs. Gildea will self-report in
 6   about a year.  I don't know whether -- I guess we should set
 7   precise dates now.  Do you have a calendar?
 8             (Discussion off the record.)
 9             MR. MANION:  Your Honor, Mr. Gomez would like to
10   report in about 30 days to give him time to transition
11   everything at Lamco at a date your Honor selects, probably a
12   Friday, close of business.
13             THE COURT:  The obligation to report is to the
14   institution.
15             MR. MANION:  Yes, your Honor.
16             THE COURT:  What about December 1st, which is a
17   Friday?
18             MR. MANION:  Fine.  Thank you.  Yes.
19             THE COURT:  And, I guess, we can set it a year
20   later by maybe a week, December 7th, 2006 will be the reporting
21   date for Ms. Gildea.
22             MR. SAVAGE:  We have a related request to that,
23   your Honor.  If it's possible, and I don't know why it can't or
24   couldn't be, Ms. Gildea would like to start serving, at least
25   her supervised release --
```

```
 1              THE COURT:  I've explored that and I'm told it's
 2   not possible.
 3              MR. SAVAGE:  Could we serve some conditions that
 4   the Court imposes and reduce her supervised release by a year?
 5              THE COURT:  No, I've already thought that through
 6   and the problem is that she is on pretrial release until the
 7   beginning of the sentence.  She can't be punished while she's
 8   awaiting the commencement of the sentence.
 9              MR. SAVAGE:  But the factors of pretrial release
10   have been taken into account in the Court's consideration for
11   the length of the supervised release including restitution and
12   --
13              THE COURT:  Yeah, I see what you're saying.
14              MR. SAVAGE:  So she gets three years instead of
15   four.
16              THE COURT:  Yeah, actually that's fair.  I'll do
17   that.  We'll amend so Ms. Gildea, the term of supervised
18   release, will be three years.
19              PROBATION OFFICER:  Your Honor, one other issue is
20   that the statutory maximum for supervised release is actually
21   two years on each count.
22              THE COURT:  On all of them?
23              PROBATION OFFICER:  And for Mary Gildea, it's up to
24   one year on Counts 18 to 23.
25   A.  And you imposed four years.
```

```
 1                THE COURT:  Okay.  So concurrent.  Make it 3 and 2.
 2                PROBATION OFFICER:  You can still impose four years
 3   --
 4                THE COURT:  I would have to make it concurrent.
 5   We'll do the bookkeeping.  3 and 2.  3 is for Mr. Gomez is 2 is
 6   for Mrs. Gildea.
 7                MR. MANION:  Supervised release?
 8                THE COURT:  The supervised release, in view of the
 9   fact that she's going to spend an additional year under
10   supervision, which may include, by the way, the pretrial
11   supervision.  I'm not making a general adjustment, but it may
12   be that the pretrial services will recommend a change in
13   reporting obligations.  The change in circumstances that she's
14   under a sentence of incarceration and Mr. Reilly of the
15   Pretrial Services Offices, they may seek to increase the
16   reporting requirement, although I don't intend to find any
17   strong likelihood of flight, but there may be some additional
18   reporting required here during the first year.
19                MR. LEVENSON:  A belated point that may have been
20   implicit in what the Court said, which may be that during this
21   year-long period of pretrial release, as a condition of
22   pretrial release, that conditions that the Court described,
23   such as requiring that the defendant go ahead and meet with the
24   IRS to start settling those obligations.  In other words, the
25   same obligations that would apply during this year --
```

```
 1              THE COURT:  That particular one is covered by I
 2   think by what I said when I said that she is to meet within the
 3   first 30 days, if not before.  I think there's an incentive to
 4   meet before.
 5              MR. SAVAGE:  I assume, your Honor, that your
 6   sentence contemplates that we'll work out some sort of
 7   installment plan for these various payments to be imposed.
 8   You're not requiring a lump sum for the special assessment?
 9              THE COURT:  I leave it to you to discuss that with
10   Probation in the first instance.
11              MR. SAVAGE:  Okay.
12              THE COURT:  Except for the special assessments,
13   which I do forthwith.  Okay.  All set.  I'll be in recess.
14              THE CLERK:  Mr. Carlos Gomez and Ms. Mary Gildea,
15   you have the right to file a notice of appeal in this case.  If
16   you do wish to file an appeal, you must file it within 10 days
17   from the date the judgment is entered.  If you cannot afford an
18   attorney to file the appeal on your behalf, you may request a
19   Clerk of the Court to file the appeal for you and I will do
20   so.  Do you understand?
21              THE DEFENDANT:  Yes, sir.
22              THE DEFENDANT:  Yes.
23              THE CLERK:  All rise.  The Court is in recess.
24              (Ends 4:45 p.m.)
25
```