## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CARLOS GOMEZ and<br>MARY GILDEA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)    CRIMINAL NO. 05-10022<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT MARY GILDEA'S MOTION FOR
## RECOMMENDATION OF CORRECTIONAL FACILITY DESIGNATION

Defendant Mary Gildea ("Gildea") respectfully requests that this Court consider

recommending that the Bureau of Prisons ("BOP") designate Ms. Gildea to a halfway

house in Massachusetts (e.g., Coolidge House in Boston) to serve her sentence of

imprisonment due to the fact that, if she is incarcerated out-of-state as it now appears is

likely, the travel restrictions on her husband, Carlos Gomez ("Gomez"), during his period

of supervised release will prohibit him from traveling with their three young children to

visit her and thereby effectively separate the family for an entire year.

### BACKGROUND

On October 19, 2005, the Court entered a Judgment in a Criminal Case as to Ms.

Gildea and Mr. Gomez (collectively, the "Gomezes") as a result of the sentencing hearing

held on October 18, 2005.  See Amended Judgments in a Criminal Case ("Judgment")

for Ms. Gildea and Mr. Gomez entered on February 10, 2006, attached hereto as

Exhibit 1.[1]  At the sentencing hearing, this Court considered the Gomezes' specific

---

[1] The amended Judgment includes the Gomezes' restitution and payment schedule; it is otherwise identical
to the original Judgment filed on October 19, 2005.

family circumstances and the detrimental impact their incarceration would have upon their three young children.  See Sentencing Transcript at 58:16-22, 59:13-17, attached hereto as Exhibit 2.  As a result, the Court ordered that the Gomezes' sentences be staggered sequentially, so that both parents would not be removed from their children at the same time.  Id.  Further, the Court recommended that the location of the family (in the Boston, Massachusetts area) be taken into account by the BOP in determining each of the Gomezes' facility designations.  Id. at 63:11-13.

Mr. Gomez is currently serving his sentence at FCI Allenwood (Low) in White Deer, Pennsylvania ("Allenwood").  Pursuant to the Judgment, he reported to and entered the Allenwood facility on December 1, 2005.  We have been told that Mr. Gomez's designation to Allenwood, instead of a facility closer to Boston (e.g., FMC Devens in Ayers, Massachusetts), was due in part to a supposed issue regarding his immigration status.  Although we were assured that this issue had been fully clarified and rendered moot by counsel prior to his placement, he was still placed in a facility further away than anticipated.  As a result, the Gomez family was forced to make many adjustments in order to preserve some semblance of a whole family unit during his incarceration, with Ms. Gildea driving from Boston to Allenwood virtually every weekend with their children to visit Mr. Gomez.[2]

Pursuant to the Judgment, upon his release from the custody of the Bureau of Prisons, Mr. Gomez will be required to spend the first year of his supervised release in

---

[2] The Gomezes recognize and understand that incarceration is not intended to be easy or convenient, even for people like them who have responsibilities for young children.  The Gomezes understood even before they were sentenced that it would cause hardship for their family.  However, they were caught off-guard when Mr. Gomez was not designated closer to the Boston area, given the language in the Judgment requesting consideration of the family circumstances in assigning a facility.

home confinement with electronic monitoring. Further, under the conditions of his

supervision, Mr. Gomez will not be permitted to leave the state of Massachusetts without

court permission or authorization from his probation officer.

Ms. Gildea is scheduled to surrender at the institution designated by the BOP

before 12:00 p.m. on December 7, 2006. Based upon communications Ms. Gildea has

had with the U.S. Marshal's Office, it appears that she may be designated to the BOP's

facility in Danbury, Connecticut ("Danbury"). While Danbury is the closest BOP facility

for female offenders in the Northeast Region, given the strict limitations that will be

imposed on Mr. Gomez during his supervised release term, it would be extremely

difficult, if not impossible, for the family to maintain contact, as Mr. Gomez will be

barred from traveling out-of-state to bring their three children to visit Ms. Gildea. Even

if Mr. Gomez were permitted to travel, it is crucial that he remain in the Boston area to

operate the Gomezes' scaffolding business, Lanco Scaffolding, Inc. ("Lanco"), which is a

seven-day-per-week commitment, in order to ensure that the Gomezes will be able to

continue to honor their restitution obligation.[3]

## ARGUMENT

The likelihood that Mr. Gomez's post-release travel restrictions will prohibit the

family from seeing each other during Ms. Gildea's incarceration could not be

contemplated at the time of sentencing, as Ms. Gildea did not know if she might be

designated to a facility outside Massachusetts. Such a protracted period of family

separation during Ms. Gildea's entire year of incarceration would be extremely

---

[3] At sentencing, this Court acknowledged the central role Mr. Gomez plays in the continued operation of Lanco and the employment of its numerous employees. See Exhibit 2 at 57:18-20. Upon his release, Mr. Gomez will need to devote considerable time and effort to ensure that Lanco can sustain itself during the typically slower winter months.

detrimental to the Gomez children's well-being.  It would also be tremendously difficult for Ms. Gildea who, aside from her husband and three children, has no other family in the area.  Therefore, Ms. Gildea respectfully requests that the Court recommend that she be assigned to a halfway house in Massachusetts, specifically Coolidge House in Boston, so that the Gomez family may remain close while she serves out her sentence.[4]

A recommendation from this Court may facilitate a BOP designation for Ms. Gildea to Coolidge House, thereby allowing the Gomez family to remain close during her incarceration.  While placement at a facility is ultimately within the discretion of the BOP, a sentencing court may recommend a specific facility to BOP where a defendant will serve her sentence.[5]  See 18 U.S.C. § 3621(b)(4)(B).  The BOP then properly weighs the sentencing court's recommendation when it places the defendant.  Nothing in § 3621(b) would preclude the BOP from considering such a recommendation and assigning Ms. Gildea to Coolidge House to serve her sentence.  See 18 U.S.C. § 3621(b) ("The [Bureau of Prisons] may designate any available penal or correctional facility that meets minimum standards of health and habitability….") (emphasis added).

Ms. Gildea acknowledges that this Court has previously considered and rejected a halfway house recommendation at the time of sentencing.  Exhibit 2 at 63:2-14. However, because the impact of Mr. Gomez's post-release travel restrictions upon the family's situation could not be taken into account at the time of sentencing, this issue is ripe for reconsideration.  A recommendation by the Court at this time for Ms. Gildea to

---

[4] Coolidge House Director Brenda O'Donnell has indicated that the facility currently has bed availability for female offenders.

[5] In an effort to exhaust all potential avenues for relief, Ms. Gildea has also applied directly to the BOP requesting designation to a halfway house.  See Letter to Designation and Sentence Computation Center, dated November 2, 2006, attached hereto as Exhibit 3 (without exhibits).  To date, she has not yet received a response from the BOP.

serve her sentence at Coolidge House would still be in keeping with the intent of the

Judgment to penalize the Gomezes, while remaining mindful of their family

circumstances.

Further, Ms. Gildea has already made significant progress in paying the Gomezes'

restitution obligation. In the period since Mr. Gomez reported to Allenwood, Ms. Gildea

has made all of the Gomezes' restitution payments in a timely manner. See Joint

Submission Regarding Restitution and Payment Schedule dated January 18, 2006,

attached hereto as Exhibit 4. As of October 25, 2006, the Gomezes have paid

$400,000.00 ($40,000 per month since January 2006) in restitution to the Court. Ms.

Gildea has also worked tirelessly to accelerate repayment of the Gomezes' remaining

restitution obligation. The Gomezes are in the process of completing the sale of their

property which currently houses Lanco's office and warehouse for the purchase price of

$1,400,000.00. The net proceeds of this sale have been directed to the Court for

restitution purposes. See Check No. 8295 payable to the Clerk, U.S. District Court,

attached hereto as Exhibit 5. As a result, in the year since their sentencing, the Gomezes

have paid almost one-half of the total restitution due. What is more, the Gomezes are

negotiating the sale of their adjoining property which is currently used by Lanco as a

parking lot. When this sale is completed, the net proceeds will also be directed to the

Court, hopefully for full satisfaction of the Gomezes' restitution obligation.

## CONCLUSION

For the foregoing reasons, Ms. Gildea respectfully requests that the Court grant her Motion for Recommendation of Correctional Facility Designation.

Respectfully submitted,

/s/ Harry L. Manion III
Harry L. Manion III, BBO # 317440
Christopher J. Cunio, BBO # 634518
Cooley Manion Jones LLP
21 Custom House Street
Boston, MA 021110
617-737-3100

Dated: November 14, 2006
167260v2

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of November, 2006, a copy of this document was served via first-class mail upon Assistant U.S. Attorney Paul G. Levenson.

/s/ Christopher J. Cunio
Christopher J. Cunio

Exhibit 1

Case 1:05-cr-10022-GAO    Document 30-1    Filed 02/10/2006    Page 1 of 1
AO 245B(05-MA)    Case 1:05-cr-10022-GAO    Document 31-2    Filed 11/14/2006    Page 2 of 23
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

UNITED STATES OF AMERICA

v.

**MARY GILDEA**

### AMENDED JUDGMENT IN A CRIMINAL CASE

Case Number: **1: 05 CR 10022 - 002 - GAO**

USM Number: 25572-038

JOSEPH F. SAVAGE, ESQUIRE
_____
Defendant's Attorney

☐ Additional documents attached

---

☐

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1-23   ( Plea: 3/29/05)

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☑

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC sec. 371 | Conspiracy | 12/31/03 | 1 |
| 18 USC sec. 1341 | Mail Fraud | 09/29/00 | 2 |
| 18 USC sec. 1341 | Mail Fraud | 05/30/01 | 3 |
| 18 USC sec. 1341 | Mail Fraud | 06/10/02 | 4 |
| 18 USC sec. 1341 | Mail Fraud | 01/24/00 | 5 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

02/10/06
_____
Date of Imposition of Judgment

/s/ George A. O'Toole, Jr.
_____
Signature of Judge

The Honorable George A. O'Toole
Judge, U.S. District Court
_____
Name and Title of Judge

February 10, 2006
_____
Date

AO 245B(05-MA)  (Rev. 06/05) Judgment in a Criminal Case
Sheet 1A - D. Massachusetts - 10/05

Judgment—Page _____ of ___6___

DEFENDANT:    MARY GILDEA
CASE NUMBER: 1: 05 CR 10022  - 002 - GAO

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC sec. 1341 | Mail Fraud | 02/16/01 | 6 |
| 18 USC sec. 1341 | Mail Fraud | 02/20/02 | 7 |
| 18 USC sec. 1341 | Mail Fraud | 12/22/03 | 8 |
| 18 USC sec. 1341 | Mail Fraud | 06/27/00 | 9 |
| 18 USC sec. 1341 | Mail Fraud | 12/14/01 | 10 |
| 18 USC sec. 1341 | Mail Fraud | 11/18/02 | 11 |
| 18 USC sec. 1341 | Mail Fraud | 12/23/03 | 12 |
| 18 USC 1027 | ERISA False Statement | 06/10/00 | 13 |
| 18 USC sec. 1027 | ERISA False Statement | 01/14/01 | 14 |
| 18 USC sec. 1027 | ERISA False Statement | 11/05/01 | 15 |
| 18 USC sec. 1027 | ERISA False Statement | 01/20/02 | 16 |
| 18 USC sec 1027 | ERISA False Statement | 09/01/02 | 17 |
| 26 USC sec. 7206 | (1) Subscr. False Tax Returns | 04/02/00 | 18 |
| 26 USC sec. 7206 | (1) Subscr. False Tax Returns | 07/17/00 | 19 |
| 26 USC sec. 7206 | (1) Subscr. False Tax Returns | 01/10/02 | 20 |
| 26 USC sec. 7206 | (1) Subscr. False Tax Returns | 04/15/02 | 21 |
| 26 USC sec. 7206 | 91) Subscr. False Tax Returns | 04/30/03 | 22 |
| 26 USC sec. 7206 | (1) Subscr. False Tax Returns | 07/08/03 | 23 |

AO 245B(05-MA)
(Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

Judgment — Page ___2___ of ___6___

DEFENDANT:  **MARY GILDEA**
CASE NUMBER: 1: 05 CR 10022 - 002 - GAO

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a
total term of:        12        month(s)

on each of counts 1-23, all to run concurrent with each other.

[✓] The court makes the following recommendations to the Bureau of Prisons:

The court recommends to the Bureau of Prisons that they take into consideration family circumstances when
designating a facility.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

    [ ] at _____ ☐ a.m. ☐ p.m.    on _____ .

    [ ] as notified by the United States Marshal.

[✓] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    [✓] before 2 p.m. on    12/07/06 _____ .

    [✓] as notified by the United States Marshal.

    [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

Judgment—Page __3__ of __6__

DEFENDANT:   **MARY GILDEA**
CASE NUMBER:  **1: 05 CR 10022  - 002 - GAO**

## SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :   **2** year(s)

on each of counts 1-17 and terms of 1 year on counts 18-23, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed  104  tests per year, as directed by the probation officer.

☑  The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

☑  The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐  The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐  The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA) Sheet 4A - Judgment in a Criminal Case
Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

Judgment—Page ___4___ of ___6___

DEFENDANT:     **MARY GILDEA**
CASE NUMBER:   **1: 05 CR 10022  - 002 - GAO**

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

The first 12 months of supervised release shall be in home confinement, with electronic monitoring.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the Probation Office while any financial obligations remain outstanding.

The defendant is to provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the US Attorney's Office.

The defendant is to meet with the Internal Revenue Service within the first 30 days of the period of supervision in order to determine the prior tax liability and is to file tax returns and pay any past or future taxes due.

## Continuation of Conditions of ☐ Supervised Release ☐ Probation

AO 245B(05-MA) Judgment in a Criminal Case
Sheet 5 - D. Massachusetts - 10/05

DEFENDANT: **MARY GILDEA**
CASE NUMBER: **1: 05 CR 10022 - 002 - GAO**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $ $2,300.00 | $ $50,000.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| SEE ATTACHED | | | |
| SUBMISSION REGARDING | | | |
| RESTITUTION | | | |
| AND PAYMENT | | | |
| SCHEDULE | | | |

☐ See Continuation Page

| **TOTALS** | $ $0.00 | $ $0.00 | |
|---|---|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B(05-MA)   Sheet 6 - Judgment in a Criminal Case
Sheet 6 - D. Massachusetts - 10/05

Judgment — Page _6_ of _6_

DEFENDANT:        **MARY GILDEA**
CASE NUMBER:  **1: 05 CR 10022 - 002 - GAO**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☐ Lump sum payment of $ _____ due immediately, balance due

☐ not later than _____ , or
☐ in accordance   ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with   ☐ C,  ☐ D, or  ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
_____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

SEE ATTACHED SUBMISSION REGARDING RESTITUTION AND PAYMENT SCHEDULE

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ See Continuation Page

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B (Rev. 06/05) Criminal Judgment
Attachment (Page 1) — Statement of Reasons - D. Massachusetts - 10/05

Case 1:05-cr-10022-GAO   Document 30-1   Filed 02/10/2006   Page 8 of 11
Case 1:05-cr-10022-GAO   Document 31-2   Filed 11/14/2006   Page 9 of 23

Judgment — Page      of     6

DEFENDANT: **MARY GILDEA**
CASE NUMBER: 1: 05 CR 10022  - 002 - GAO
DISTRICT:      MASSACHUSETTS

## STATEMENT OF REASONS

**I   COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

A ☐   The court adopts the presentence investigation report without change.

B ☐   The court adopts the presentence investigation report with the following changes.
   (Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
   (Use Section VIII if necessary.)

   1   ☐ Chapter Two of the U.S.S.G. Manual determinations by court (including changes to base offense level, or specific offense characteristics):

   2   ☐ Chapter Three of the U.S.S.G. Manual determinations by court (including changes to victim-related adjustments, role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

   3   ☐ Chapter Four of the U.S.S.G. Manual determinations by court (including changes to criminal history category or scores, career offender, or criminal livelihood determinations):

   4   ☐ Additional Comments or Findings (including comments or factual findings concerning certain information in the presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation, or programming decisions):

C ☐   The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.

**II   COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

A ☐   No count of conviction carries a mandatory minimum sentence.

B ☐   Mandatory minimum sentence imposed.

C ☐   One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum does not apply based on

   ☐ findings of fact in this case
   ☐ substantial assistance (18 U.S.C. § 3553(e))
   ☐ the statutory safety valve (18 U.S.C. § 3553(f))

**III   COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

Total Offense Level:
Criminal History Category:
Imprisonment Range:              to              months
Supervised Release Range:              to              years
Fine Range: $              to  $
☐   Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA)       Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

Judgment — Page ___ of 6

DEFENDANT:   **MARY GILDEA**
CASE NUMBER:  1: 05 CR 10022 - 002 - GAO
DISTRICT:    MASSACHUSETTS

## STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A  ☐  The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B  ☐  The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
       (Use Section VIII if necessary.)

C  ☐  The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
       (Also complete Section V.)

D  ☐  The court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A   The sentence imposed departs (Check only one.):
    ☐  below the advisory guideline range
    ☐  above the advisory guideline range

B   Departure based on (Check all that apply.):

1   Plea Agreement (Check all that apply and check reason(s) below.):
    ☐  5K1.1 plea agreement based on the defendant's substantial assistance
    ☐  5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
    ☐  binding plea agreement for departure accepted by the court
    ☐  plea agreement for departure, which the court finds to be reasonable
    ☐  plea agreement that states that the government will not oppose a defense departure motion.

2   Motion Not Addressed in a Plea Agreement (Check all that apply and check reason(s) below.):
    ☐  5K1.1 government motion based on the defendant's substantial assistance
    ☐  5K3.1 government motion based on Early Disposition or "Fast-track" program
    ☐  government motion for departure
    ☐  defense motion for departure to which the government did not object
    ☐  defense motion for departure to which the government objected

3   Other
    ☐  Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   Reason(s) for Departure (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ | 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ | 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ | 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ | 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ | 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ | 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ | 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ | 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ | 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D   Explain the facts justifying the departure.  (Use Section VIII if necessary.)

Judgment — Page ___ of ___ 6

DEFENDANT: **MARY GILDEA**
CASE NUMBER: **1: 05 CR 10022 - 002 - GAO**
DISTRICT: **MASSACHUSETTS**

# STATEMENT OF REASONS

**VI   COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

A   **The sentence imposed is** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B   **Sentence imposed pursuant to** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ government motion for a sentence outside of the advisory guideline system
☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

3   **Other**
☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

C   **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

D   **Explain the facts justifying a sentence outside the advisory guideline system.** (Use Section VIII if necessary.)

AO 245B ( 05-MA) (Rev. 06/05) Criminal Judgment
Attachment (Page 4) — Statement of Reasons — D. Massachusetts 10/05

Case 1:05-cr-10022-GAO Document 30-1 Filed 02/10/2006 Page 11 of 11
Case 1:05-cr-10022-GAO Document 31-2 Filed 11/14/2006 Page 12 of 23

DEFENDANT: **MARY GILDEA**
CASE NUMBER: **1: 05 CR 10022 - 002 - GAO**
DISTRICT: **MASSACHUSETTS**

Judgment — Page ___ of ___ 6

# STATEMENT OF REASONS

## VII COURT DETERMINATIONS OF RESTITUTION

A ☐ Restitution Not Applicable.

B Total Amount of Restitution: _____

C Restitution not ordered (Check only one.):

1 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A).

2 ☐ For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3 ☐ For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4 ☐ Restitution is not ordered for other reasons. (Explain.)

D ☐ Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

## VIII ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.: _____

Defendant's Date of Birth: _____

Defendant's Residence Address: _____

Defendant's Mailing Address: _____

Date of Imposition of Judgment
02/10/06

/s/ George A. O'Toole, Jr.

Signature of Judge

The Honorable George A. O'Toole   Judge, U.S. District Court

Name and Title of Judge

Date Signed   February 10, 2006

AO 245B(05-MA)     (Rev. 06/05) Judgment in a Criminal Case
Sheet 1 - D. Massachusetts - 10/05

# UNITED STATES DISTRICT COURT
## District of Massachusetts

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|

V.

**CARLOS GOMEZ**

Case Number: **1:  05  CR  10022   - 001 - GAO**

USM Number: N/A

HARRY L. MANNION, ESQUIRE
Defendant's Attorney

☐ Additional documents attached

Date of Original/Amended Judgment:     10/18/05

☐

**THE DEFENDANT:**
☑ pleaded guilty to count(s)     1-17          ( Plea:  3/29/05)
☐ pleaded nolo contendere to count(s)
   which was accepted by the court.
☐ was found guilty on count(s)
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

Additional Counts - See continuation page ☑

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC sec. 371 | Conspiracy | 12/31/03 | 1 |
| 18 USC sec. 1341 | Mail Fraud | 09/29/00 | 2 |
| 18 USC sec. 1341 | Mail Fraud | 05/30/01 | 3 |
| 18 USC sec. 1341 | Mail Fraud | 06/10/02 | 4 |
| 18 USC sec. 1341 | Mail Fraud | 01/24/00 | 5 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ ☐ is ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

02/10/06
Date of Imposition of Judgment

/s/ George A. O'Toole, Jr
Signature of Judge

The Honorable George A. O'Toole
Judge, U.S. District Court
Name and Title of Judge

February 10, 2006
Date

⬛AO 245B(05-MA)   (Rev. 06/05) Judgment in a Criminal Case
Sheet 1A - D. Massachusetts - 10/05

Judgment—Page _____ of \_\_\_\_6\_\_

DEFENDANT:   **CARLOS GOMEZ**
CASE NUMBER: **1: 05 CR 10022 - 001 - GAO**

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 USC sec. 1341 | Mail Fraud | 02/16/01 | 6 |
| 18 USC sec. 1341 | Mail Fraud | 02/20/02 | 7 |
| 18 USC sec. 1341 | Mail Fraud | 12/22/03 | 8 |
| 18 USC sec. 1341 | Mail Fraud | 06/27/00 | 9 |
| 18 USC sec. 1341 | Mail Fraud | 12/14/01 | 10 |
| 18 USC sec. 1341 | Mail Fraud | 11/18/02 | 11 |
| 18 USC sec. 1341 | Mail Fraud | 12/23/03 | 12 |
| 18 USC sec. 1027 | ERISA False Statement | 06/10/00 | 13 |
| 18 USC sec. 1027 | ERISA False Statement | 01/14/01 | 14 |
| 18 USC sec. 1027 | ERISA False Statement | 11/05/01 | 15 |
| 18 USC sec. 1027 | ERISA False Statement | 01/20/02 | 16 |
| 18 USC sec. 1027 | ERISA False Statement | 09/01/02 | 17 |

AO 245B(05-MA)      (Rev. 06/05) Judgment in a Criminal Case
Sheet 2 - D. Massachusetts - 10/05

Judgment — Page __2__ of __6__

DEFENDANT:      **CARLOS GOMEZ**
CASE NUMBER: **1: 05  CR  10022   - 001 - GAO**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:      **12      month(s)**

on each of counts 1-17, all to be served concurrently.

☑ The court makes the following recommendations to the Bureau of Prisons:

The court recommends to the Bureau of Prison that they take into account the family circumstances when designating a facility

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m.   ☐ p.m.   on _____

    ☐ as notified by the United States Marshal.

☑ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☑ before 2 p.m. on   12/01/05 _____ .

    ☑ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B(05-MA)    (Rev. 06/05) Judgment in a Criminal Case
Sheet 3 - D. Massachusetts - 10/05

Judgment—Page __3__ of __6__

DEFENDANT:    CARLOS GOMEZ
CASE NUMBER: 1: 05 CR 10022 - 001 - GAO

## SUPERVISED RELEASE

☑ See continuation page

Upon release from imprisonment, the defendant shall be on supervised release for a term of :    **3** year(s)

on each of counts 1-17, all to run concurrently with each other.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed 104 tests per year, as directed by the probation officer.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)  the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)  the defendant shall support his or her dependents and meet other family responsibilities;

5)  the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)  the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B(05-MA)   Sheet 4A - Continuation Page - Supervised Release/Probation -10/05

Judgment—Page __4__ of __6__

DEFENDANT:      **CARLOS GOMEZ**
CASE NUMBER:  **1: 05 CR 10022  - 001 - GAO**

## ADDITIONAL ☑ SUPERVISED RELEASE ☐ PROBATION TERMS

The first 12 months of supervised release shall be in home confinement with electronic monitoring.

The defendant shall notify the US Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

The defendant shall not consume any alcoholic beverages.

The defendant is to attend Alcoholics Anonymous meetings, as directed by probation.

The defendant is prohibited from incurring new credit charges without the approval of probation while any financial obligations remain outstanding.

The defendant is to provide the Probation Office access to any requested financial information, which may be shared with the Financial Litigation Unit of the U.S. Attorney's Office.

The defendant is to meet with the IRS within the first 30 days of the period of supervision in order to determine the prior tax liability and is to file tax returns and pay any past or future taxes due.

**Continuation of Conditions of ☐ Supervised Release ☐ Probation**

Case 1:05-cr-10022-GAO    Document 29-1    Filed 02/10/2006    Page 6 of 11
AO 245B(05-MA)    Case 1:05-cr-10022-GAO    Document 31-2    Filed 11/14/2006    Page 18 of 23
Sheet 5 - D. Massachusetts - 10/05

Judgment — Page __5__ of __6__

DEFENDANT:    **CARLOS GOMEZ**
CASE NUMBER: 1: 05 CR 10022  - 001 - GAO

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | $    $1,700.00 | $    $50,000.00 | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| SEE ATTACHED SUBMISSION REGARDING RESTITUTION AND PAYMENT SCHEDULE.` | | | |

☐ See Continuation Page

| **TOTALS** | $ _____ $0.00 | $ _____ $0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Judgment — Page __6__ of __6__

DEFENDANT: **CARLOS GOMEZ**
CASE NUMBER: **1: 05 CR 10022 - 001 - GAO**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of
    _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
    term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

    SEE ATTACHED SUBMISSION REGARDING RESTITUTION AND PAYMENT SCHEDULE.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    ☐ See Continuation Page

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Judgment — Page ___ of ___ 6

DEFENDANT:     **CARLOS GOMEZ**
CASE NUMBER: **1: 05 CR 10022  - 001 - GAO**
DISTRICT:      **MASSACHUSETTS**

## STATEMENT OF REASONS

I   **COURT FINDINGS ON PRESENTENCE INVESTIGATION REPORT**

   A  ☐   The court adopts the presentence investigation report **without change.**

   B  ☐   **The court adopts the presentence investigation report with the following changes.**
        (Check all that apply and specify court determination, findings, or comments, referencing paragraph numbers in the presentence report, if applicable.)
        (Use Section VIII if necessary.)

      1   ☐  Chapter Two of the U.S.S.G. Manual determinations by court (including changes to base offense level, or
              specific offense characteristics):

      2   ☐  Chapter Three of the U.S.S.G. Manual determinations by court (including changes to victim-related adjustments,
              role in the offense, obstruction of justice, multiple counts, or acceptance of responsibility):

      3   ☐  Chapter Four of the U.S.S.G. Manual determinations by court (including changes to criminal history category or
              scores, career offender, or criminal livelihood determinations):

      4   ☐  Additional Comments or Findings (including comments or factual findings concerning certain information in the
              presentence report that the Federal Bureau of Prisons may rely on when it makes inmate classification, designation,
              or programming decisions):

   C  ☐   **The record establishes no need for a presentence investigation report pursuant to Fed.R.Crim.P. 32.**

II  **COURT FINDING ON MANDATORY MINIMUM SENTENCE** (Check all that apply.)

   A  ☐   No count of conviction carries a mandatory minimum sentence.

   B  ☐   Mandatory minimum sentence imposed.

   C  ☐   One or more counts of conviction alleged in the indictment carry a mandatory minimum term of imprisonment, but the
          sentence imposed is below a mandatory minimum term because the court has determined that the mandatory minimum
          does not apply based on

          ☐  findings of fact in this case
          ☐  substantial assistance (18 U.S.C. § 3553(e))
          ☐  the statutory safety valve (18 U.S.C. § 3553(f))

III  **COURT DETERMINATION OF ADVISORY GUIDELINE RANGE (BEFORE DEPARTURES):**

   Total Offense Level:
   Criminal History Category:
   Imprisonment Range:              _____ to _____ months
   Supervised Release Range:        _____ to _____ years
   Fine Range: $ _____ to $ _____
   ☐   Fine waived or below the guideline range because of inability to pay.

AO 245B (05-MA)   (Rev. 06/05) Criminal Judgment
Attachment (Page 2) — Statement of Reasons - D. Massachusetts - 10/05

Judgment — Page ____ of ____ 6

DEFENDANT:   **CARLOS GOMEZ**
CASE NUMBER: 1: 05 CR 10022  - 001 - GAO
DISTRICT:       MASSACHUSETTS

## STATEMENT OF REASONS

**IV   ADVISORY GUIDELINE SENTENCING DETERMINATION** (Check only one.)

A ☐ The sentence is within an advisory guideline range that is not greater than 24 months, and the court finds no reason to depart.

B ☐ The sentence is within an advisory guideline range that is greater than 24 months, and the specific sentence is imposed for these reasons.
(Use Section VIII if necessary.)

C ☐ The court departs from the advisory guideline range for reasons authorized by the sentencing guidelines manual.
(Also complete Section V.)

D ☐ The court imposed a sentence outside the advisory sentencing guideline system.  (Also complete Section VI.)

**V   DEPARTURES AUTHORIZED BY THE ADVISORY SENTENCING GUIDELINES** (If applicable.)

A   **The sentence imposed departs** (Check only one.):
☐ below the advisory guideline range
☐ above the advisory guideline range

B   **Departure based on** (Check all that apply.):

1   **Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 plea agreement based on the defendant's substantial assistance
☐ 5K3.1 plea agreement based on Early Disposition or "Fast-track" Program
☐ binding plea agreement for departure accepted by the court
☐ plea agreement for departure, which the court finds to be reasonable
☐ plea agreement that states that the government will not oppose a defense departure motion.

2   **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
☐ 5K1.1 government motion based on the defendant's substantial assistance
☐ 5K3.1 government motion based on Early Disposition or "Fast-track" program
☐ government motion for departure
☐ defense motion for departure to which the government did not object
☐ defense motion for departure to which the government objected

3   **Other**
☐ Other than a plea agreement or motion by the parties for departure (Check reason(s) below.):

C   **Reason(s) for Departure** (Check all that apply other than 5K1.1 or 5K3.1.)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☐ 4A1.3 | Criminal History Inadequacy | ☐ 5K2.1 | Death | ☐ 5K2.11 | Lesser Harm |
| ☐ 5H1.1 | Age | ☐ 5K2.2 | Physical Injury | ☐ 5K2.12 | Coercion and Duress |
| ☐ 5H1.2 | Education and Vocational Skills | ☐ 5K2.3 | Extreme Psychological Injury | ☐ 5K2.13 | Diminished Capacity |
| ☐ 5H1.3 | Mental and Emotional Condition | ☐ 5K2.4 | Abduction or Unlawful Restraint | ☐ 5K2.14 | Public Welfare |
| ☐ 5H1.4 | Physical Condition | ☐ 5K2.5 | Property Damage or Loss | ☐ 5K2.16 | Voluntary Disclosure of Offense |
| ☐ 5H1.5 | Employment Record | ☐ 5K2.6 | Weapon or Dangerous Weapon | ☐ 5K2.17 | High-Capacity, Semiautomatic Weapon |
| ☐ 5H1.6 | Family Ties and Responsibilities | ☐ 5K2.7 | Disruption of Government Function | ☐ 5K2.18 | Violent Street Gang |
| ☐ 5H1.11 | Military Record, Charitable Service, Good Works | ☐ 5K2.8 | Extreme Conduct | ☐ 5K2.20 | Aberrant Behavior |
| | | ☐ 5K2.9 | Criminal Purpose | ☐ 5K2.21 | Dismissed and Uncharged Conduct |
| ☐ 5K2.0 | Aggravating or Mitigating Circumstances | ☐ 5K2.10 | Victim's Conduct | ☐ 5K2.22 | Age or Health of Sex Offenders |
| | | | | ☐ 5K2.23 | Discharged Terms of Imprisonment |
| | | | | ☐ | Other guideline basis (e.g., 2B1.1 commentary) |

D   **Explain the facts justifying the departure.**  (Use Section VIII if necessary.)

Case 1:05-cr-10022-GAO    Document 29-1    Filed 02/10/2006    Page 10 of 11
AO 245B (05-MA)    Case 1:05-cr-10022-GAO    Document 31-2    Filed 11/14/2006    Page 22 of 23
Attachment (Page 3) — Statement of Reasons - D. Massachusetts (10/05)

Judgment — Page    of   6

DEFENDANT:    **CARLOS GOMEZ**
CASE NUMBER:   **1: 05 CR 10022   - 001 - GAO**
DISTRICT:      **MASSACHUSETTS**

# STATEMENT OF REASONS

**VI**    **COURT DETERMINATION FOR SENTENCE OUTSIDE THE ADVISORY GUIDELINE SYSTEM**
(Check all that apply.)

   **A**    **The sentence imposed is** (Check only one.):
      ☐ below the advisory guideline range
      ☐ above the advisory guideline range

   **B**    **Sentence imposed pursuant to** (Check all that apply.):

     **1**    **Plea Agreement** (Check all that apply and check reason(s) below.):
       ☐ binding plea agreement for a sentence outside the advisory guideline system accepted by the court
       ☐ plea agreement for a sentence outside the advisory guideline system, which the court finds to be reasonable
       ☐ plea agreement that states that the government will not oppose a defense motion to the court to sentence outside the advisory guideline system

     **2**    **Motion Not Addressed in a Plea Agreement** (Check all that apply and check reason(s) below.):
       ☐ government motion for a sentence outside of the advisory guideline system
       ☐ defense motion for a sentence outside of the advisory guideline system to which the government did not object
       ☐ defense motion for a sentence outside of the advisory guideline system to which the government objected

     **3**    **Other**
       ☐ Other than a plea agreement or motion by the parties for a sentence outside of the advisory guideline system (Check reason(s) below.):

   **C**    **Reason(s) for Sentence Outside the Advisory Guideline System** (Check all that apply.)

     ☐ the nature and circumstances of the offense and the history and characteristics of the defendant pursuant to 18 U.S.C. § 3553(a)(1)
     ☐ to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense (18 U.S.C. § 3553(a)(2)(A))
     ☐ to afford adequate deterrence to criminal conduct (18 U.S.C. § 3553(a)(2)(B))
     ☐ to protect the public from further crimes of the defendant (18 U.S.C. § 3553(a)(2)(C))
     ☐ to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner (18 U.S.C. § 3553(a)(2)(D))
     ☐ to avoid unwarranted sentencing disparities among defendants (18 U.S.C. § 3553(a)(6))
     ☐ to provide restitution to any victims of the offense (18 U.S.C. § 3553(a)(7))

   **D**    **Explain the facts justifying a sentence outside the advisory guideline system.** (Use Section VIII if necessary.)

AO 245B ( 05-MA) (Rev. 06/05) Criminal Judgment

Case 1:05-cr-10022-GAO Document 29-1 Filed 02/10/2006 Page 11 of 11
Case 1:05-cr-10022-GAO D Document 31-2 Filed 11/14/2006 Page 23 of 23

Judgment — Page        of        6

DEFENDANT: **CARLOS GOMEZ**
CASE NUMBER: **1: 05 CR 10022 - 001 - GAO**
DISTRICT: **MASSACHUSETTS**

## STATEMENT OF REASONS

VII  **COURT DETERMINATIONS OF RESTITUTION**

A  ☐  Restitution Not Applicable.

B  Total Amount of Restitution:  _____

C  Restitution not ordered (Check only one.):

1  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because the number of identifiable victims is so large as to make restitution impracticable under 18 U.S.C. § 3663A(c)(3)(A),

2  ☐  For offenses for which restitution is otherwise mandatory under 18 U.S.C. § 3663A, restitution is not ordered because determining complex issues of fact and relating them to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim would be outweighed by the burden on the sentencing process under 18 U.S.C. § 3663A(c)(3)(B).

3  ☐  For other offenses for which restitution is authorized under 18 U.S.C. § 3663 and/or required by the sentencing guidelines, restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweigh the need to provide restitution to any victims under 18 U.S.C. § 3663(a)(1)(B)(ii).

4  ☐  Restitution is not ordered for other reasons. (Explain.)

D  ☐  Partial restitution is ordered for these reasons (18 U.S.C. § 3553(c)):

VIII  **ADDITIONAL FACTS JUSTIFYING THE SENTENCE IN THIS CASE** (If applicable.)

Sections I, II, III, IV, and VII of the Statement of Reasons form must be completed in all felony cases.

Defendant's Soc. Sec. No.: _____

Defendant's Date of Birth: _____

Defendant's Residence Address:

Defendant's Mailing Address:

Date of Imposition of Judgment
02/10/06
_____

/s/ George A. O'Toole, Jr
_____
Signature of Judge
The Honorable George A. O'Toole  Judge, U.S. District Court
Name and Title of Judge
Date Signed  February 10, 2006

Exhibit 2

1   apply, I think any given judge has to be conscious of what his

2   fellows are doing conscientiously in applying the principles in

3   the statute and in the case law and in the guidelines.

4        For the reasons I've already mentioned, the request for

5   departure, I think, has to be faced as a, what I call an

6   orthodox departure under the guidelines and not as an end run

7   around them.  The so-called Olbres departure is a ground that

8   has been recognized by the Circuit as possible, as family

9   circumstances have.  In both cases, I think the Court of

10  Appeals admonishes that the application of those principles to

11  effect a departure should be rare and exceptional.  Those words

12  can't be applied, again, without some consciousness of what

13  else is going on and the real concerns that I have is how

14  slippery the slopes are.  Just as we have an obligation to try

15  to be consistent with what others do, the more consistent we

16  are, the less real we are.

17       Um, there's no need to reiterate all the facts of the

18  case.  I do accept that Mr. Gomez's skills and experience and

19  what might be called his accumulation of business goodwill has

20  some value, probably significant value.  I think there's

21  probably a difference between being valuable and being

22  indispensable, but it's impossible to try to express that on

23  any place on the scale with any precision.  As Mr. Levenson for

24  the Government points out, and as I've said too many times, one

25  of the saddest but most common facts of sentencing is that

1    innocent family members suffer when another family member,

2    commonly a parent, is punished by incarceration.

3        Um, so my resolution is that either ground is

4    insufficient in itself, but that taken together, I think they

5    make the circumstance of this case exceptional enough that some

6    relief from the guideline range is appropriate to impose a just

7    sentence.  But I do continue to believe that it is important

8    that the punishment be significant enough both as punishment

9    and, after all, that's the primary function, not simply a

10   deterrent value to others or the -- to create a landmark of

11   rehabilitation, but to impose punishment.  I think that the

12   reality still has to be accounted for that the community be not

13   further harmed by the punishment the community imposes.  So

14   in -- so where the balance is, people will reasonably differ.

15       A period of incarceration is warranted in each case.

16   Um, I think -- and I think the Government made the suggestion,

17   particularly to mitigate the impact on the children, that the

18   service of these periods may be staggered, I think was the

19   Government's word, where I call it sequential.  And I think in

20   trying to accomplish all the goals that review an appropriate

21   sentence, I don't think there's any reason to have a different

22   sentence in this case.  The sentence should be the same.  And I

23   believe it should be the custody of the Bureau of Prisons for a

24   period of 12 months followed by a period of supervised release

25   for a period of four years with the condition that the first 12

1     months be spent in home confinement.  A 50,000 dollar fine in

2     each case.  And full restitution can be determined in

3     accordance with 3664(d)(5).

4           I think in light of the restitution amount, I think the

5     Government's request for a fine is high.  It should be more

6     than minimal, though, I think in part because I think it

7     provides an additional quantum of punishment that might

8     substitute for some lesser deserved punishment from the

9     incarceration.

10          So I think that rather than impose the sentence, since

11     it's identical twice, if you would each stand.

12            MR. SAVAGE:  Your Honor, can I be heard?

13            THE COURT:  Yes, you can.  But let me just ask.  I

14     suggested sequential service, but I leave it to you to decide

15     the order.  It doesn't matter.  Because it's largely due to

16     mitigate the harm to the children and not for any business

17     reason.  I leave it with you to make that choice.

18            MR. SAVAGE:  Your Honor, I wonder if the Court

19     would be inclined to entertain increasing the sentence to a

20     year and a day, so that he could have the opportunity to earn

21     the good time.

22            THE COURT:  I thought about that, but I chose 12

23     months deliberately.

24            MR. SAVAGE:  After you impose sentence, we would

25     request for the location.

1    placement?

2         MR. SAVAGE:  Two requests, your Honor.  First, I

3    would request the Court to consider recommending to the Bureau

4    of Prisons that the time for Mrs. Gildea be served in a halfway

5    house, I thought Coolidge would be appropriate, or at the

6    discretion of the Bureau of Prisons -- if the Court's not

7    inclined to do that, then we recommend Danbury.

8         MR. MANION:  On behalf of Mr. Gomez, we would like

9    to have a recommendation to Fort Devens.

10        THE COURT:  Well, in each case, it's not my

11   practice to make specific institutional recommendations, but I

12   will add a recommendation that the location of the family be

13   taken account of in selecting a place at that time.  I will not

14   make the first recommendation with respect to Mrs. Gildea.

15        Now, as to the satisfactory compliance with pretrial

16   conditions, I see no problem with self-reporting.  Mr. Gomez

17   will self-report soon and then Mrs. Gildea will self-report in

18   about a year.  I don't know whether -- I guess we should set

19   precise dates now.  Do you have a calendar?

20             (Discussion off the record.)

21        MR. MANION:  Your Honor, Mr. Gomez would like to

22   report in about 30 days to give him time to transition

23   everything at Lanco at a date your Honor selects, probably a

24   Friday, close of business.

25        THE COURT:  The obligation to report is to the

Exhibit 3

# COOLEY MANION JONES LLP

JON S. BAROOSHIAN
BARBARA H. CHUANG
EARLE C. COOLEY
DONNA R. CORCORAN
CHRISTOPHER J. CUNIO
ROBERT A. DELELLO°
ERIKA J. DOHERTY●○
JENNIFER B. FUREY
MARTIN F. GAYNOR III
BRIAN D. GROSS●*
BRIAN M. HANEY
JOHN T. HUGO
TRACY A. R. JOLLY
PATRICK T. JONES●*
TIMOTHY C. KELLEHER III
RALPH R. LIGUORI*
JAMIE M. MAGNANI©
HARRY L. MANION III
JOHN B. MANNING*
KENNETH J. MARTIN
JAIMIE A. MCKEAN
KEITH M. MCLEAN
KERRI LYNNE RANDALL
CHRISTOPHER M. SHEEHAN
LISA M. SNYDER
JESSICA A. STACY˜
NICHOLAS D. STELLAKIS
JONATHAN F. TABASKY●†
PATRICK S. TRACEY♦
JOSHUA L. WEEMS˜

COUNSELLORS AT LAW

21 CUSTOM HOUSE STREET

BOSTON, MASSACHUSETTS 02110-3536

(617) 737-3100

FACSIMILE (617) 737-3113

www.cmjlaw.com

PAUL F. BECKWITH
LEONARD T. EVERS
ARTHUR GRIMALDO II˜
FRANK A. MARINELLI*
PETER J. SCHNEIDER*©
MELODY M. WILKINSON˜
OF COUNSEL

RHODE ISLAND OFFICE
ONE CENTER PLACE
PROVIDENCE, RHODE ISLAND 02903
(401) 273-0800
FAX (401) 273-0801

TEXAS OFFICE
100 EAST FIFTEENTH STREET, SUITE 320
FORT WORTH, TEXAS 76102
(817) 870-1996

˜ADMITTED IN TEXAS ONLY
*ALSO ADMITTED IN RHODE ISLAND
†ALSO ADMITTED IN CONNECTICUT
*ALSO ADMITTED IN NEW HAMPSHIRE
♦ALSO ADMITTED IN ARIZONA
○ALSO ADMITTED IN NEW JERSEY
●ALSO ADMITTED IN PENNSYLVANIA

November 2, 2006

**VIA FIRST CLASS MAIL**

Designation and Sentence Computation Center
Federal Bureau of Prisons
346 Marine Forces Drive
Grand Prairie, TX 75051
ATTN:  Designations

     RE:  **United States of America v. Carlos Gomez, Mary Gildea
     and Lanco Scaffolding, Inc.**
     Docket No.: 05-CR-10022-GAO

Dear Sir or Madam:

I represent Carlos Gomez ("Gomez") and Mary Gildea ("Gildea"), husband and wife (collectively, the "Gomezes"), in the above-referenced matter.  The Gomezes own and operate Lanco Scaffolding, Inc. ("Lanco"), a scaffolding company based in Somerville, Massachusetts.  Ms. Gildea is scheduled to report to the custody of the Bureau of Prisons ("BOP") on December 7, 2006 to serve her one year sentence of incarceration.  By this letter, Ms. Gildea respectfully requests that the BOP consider assigning her to serve her sentence at a facility in Massachusetts, so she will not be unduly separated from her family during her incarceration.

COOLEY MANION JONES LLP
Designation and Sentence Computation Center
November 2, 2006
Page 2

On October 18, 2005, Judge George A. O'Toole of the District Court for the District of Massachusetts sentenced the Gomezes each to one year incarceration. Judge O'Toole explicitly took into account the Gomezes' specific family circumstances and the detrimental impact their incarceration would have upon their three young children. As a result, he ordered that the Gomezes' sentences be staggered sequentially, so that both parents would not be removed from their children at the same time. He also recommended that the location of the family (in the Boston, Massachusetts area) be taken into account by the BOP in determining the Gomezes' facility designations. See Amended Judgments in a Criminal Case for Carlos Gomez and Mary Gildea entered on February 10, 2006 (the "Judgments"), attached hereto as Exhibit 1.[1]

Mr. Gomez is currently serving his sentence at FCI Allenwood (Low) in White Deer, Pennsylvania ("Allenwood"). Mr. Gomez's designation to Allenwood, instead of a facility closer to Boston (e.g., FMC Devens in Ayers, Massachusetts), was apparently due in part to a supposed issue regarding his immigration status. Although we had ensured that this matter was fully clarified with the BOP and the Probation Office and rendered moot prior to his placement, he was still placed in a facility further away than anticipated. The Gomezes recognize that incarceration is not intended to be easy or convenient, even for people like them who are responsible for young children. However, Mr. Gomez's designation so far from the Boston area forced the Gomezes to make many adjustments in order to preserve some semblance of a whole family unit during his incarceration, with Ms. Gildea driving from Boston to Allenwood virtually every weekend with their children to visit Mr. Gomez.

Pursuant to the Judgment, Mr. Gomez will be required to spend the first year of his supervised release in home confinement with electronic monitoring. Also, under the conditions of his supervision, Mr. Gomez will not be permitted to leave the state without court permission or authorization from his probation officer. These restrictions on Mr. Gomez's ability to travel were not taken into consideration when the Gomezes were sentenced.

---

[1] The amended Judgments include the Gomezes' restitution and payment schedule; they are otherwise identical to the original Judgment filed on October 19, 2005.

COOLEY MANION JONES LLP
Designation and Sentence Computation Center
November 2, 2006
Page 3

Based upon communications Ms. Gildea has had with the U.S. Marshal's Office, it appears that she may be designated to the BOP's facility in Danbury, Connecticut ("Danbury"). Danbury is the closest BOP facility for female offenders in the Northeast Region, but if Ms. Gildea is assigned to a facility outside Massachusetts, it will be impossible for the family to maintain contact, as Mr. Gomez will be restricted from traveling out-of-state to bring their three children to visit Ms. Gildea. Even if Mr. Gomez were permitted to travel, he will likely have to remain in the Boston area to operate Lanco's business, to ensure that the Gomezes can continue to make their court-ordered monthly restitution payments.[2] Such a protracted period of family separation during Ms. Gildea's entire year of incarceration would be extremely harmful to their children's well-being. It would also be tremendously difficult for Ms. Gildea who, aside from her husband and three children, has no other family in the area.

Because Mr. Gomez's post-release travel restrictions were not considered at sentencing during the discussion of the family's circumstances, Ms. Gildea humbly asks that the BOP consider assigning her to an alternate facility, such as Coolidge House in Boston, so that the Gomez family may remain close while she serves her sentence.[3]

Ms. Gildea acknowledges that her counsel requested a recommendation to a halfway house on her behalf at sentencing, and that Judge O'Toole stated that he would not make such a recommendation at that time. However, given Mr. Gomez's travel and other restrictions, which were not contemplated at the time of sentencing, Ms. Gildea sincerely believes that a designation to a facility such as Coolidge House would comport with the

---

[2] Ms. Gildea has made and continues to make the Gomezes' restitution payments in a timely manner. See Joint Submission Regarding Restitution and Payment Schedule dated January 18, 2006 ("Restitution Schedule"), attached hereto as Exhibit 2. The Gomezes have gone so far as to sell their property on which Lanco's office and warehouse are currently located in order to accelerate repayment of their restitution obligation. In addition, they are negotiating the sale of the adjoining property as well, currently used by Lanco as a parking lot. When this sale is completed, the net proceeds will also be directed toward full repayment of the Gomezes' restitution obligation.

[3] Coolidge House Director Brenda O'Donnell has indicated that the facility currently has bed availability for female offenders.

COOLEY MANION JONES LLP
Designation and Sentence Computation Center
November 2, 2006
Page 4

spirit of the Judgment, and hopes the BOP will consider her
request for such a designation.[4]

Over the course of the past three years, I have come to
know the Gomez family well.  I have seen first-hand how devoted
Ms. Gildea is to her family and how important it is for the
Gomezes to be able to remain close while she is serving her
sentence.

As Ms. Gildea is scheduled to surrender to the institution
designated by the BOP on December 7, 2006, I would appreciate
the opportunity to speak to you regarding Ms. Gildea's
circumstances as soon as possible, and to provide any additional
information as necessary.

Thank you very much for your kind consideration.  Please do
not hesitate to contact me if you have any questions, comments
or concerns.

Very truly yours,

Harry L. Manion III

Enclosures
169006v1

cc:  Paul G. Levenson, Esq., U.S. Attorney's Office (w/ encls.)

---

[4] The Bureau of Prisons would have discretionary authority to assign Ms.
Gildea to Coolidge House to serve her incarceration term. See 18 U.S.C.
§ 3621(b).  Such a designation would not only allow the Gomez family to
remain close, but would also be in keeping with Judge O'Toole's
recommendation in the Judgment to consider the family circumstances in
designating the incarceration facility.

Exhibit 4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | CRIMINAL NO. 05-10022-GAO |
| | ) | |
| CARLOS GOMEZ and | ) | |
| MARY GILDEA, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT SUBMISSION REGARDING RESTITUTION AND PAYMENT SCHEDULE

The parties, by their undersigned counsel, hereby request that the Court incorporate the following provisions regarding restitution and payment schedule into an amended Judgment for each defendant.

1.    Restitution

Restitution – owed by defendants jointly and severally – shall be paid to the following victims, with payments to be apportioned approximately pro rata among the non-federal victims until such time as all non-federal victims have been paid in full, as set forth in the attached Restitution Schedule.

2.    Payment Schedule

The parties propose a payment schedule (attached) which anticipates a contingency. It is anticipated that defendants' company, Lanco, will sell an approximately 80,000 square foot parking lot located on Windsor Street, Somerville (which is owned by Lanco and is adjacent to Lanco's warehouse). Defendants anticipate closing the sale within one year, enabling them to pay their restitution obligations in full at that time. To maximize defendants' incentives to accomplish this, to alleviate any financial pressure to sell the property at below market value (which could be to the victims' detriment), and in view of defendants' anticipated monthly cash

flow from their business, the United States agrees it is appropriate to waive statutory interest for

a period of one year.

In the event that the anticipated sale does not go through, the defendants will have to

liquidate other assets in order to meet their obligations. For that reason, the proposed payment

schedule includes regular monthly payments that defendants expect to be able to meet from

existing cash-flow from their business, together with annual "balloon" payments which the

defendants can plan for in order to liquidate assets as necessary. The payment schedule

anticipates a final "balloon" payment (which will likely exceed $1,100,000) at the end of four

years (i.e. at the conclusion of Carlos Gomez's term of supervised release), which would cover

the outstanding balance of defendants' restitution obligations, their fines, and all accrued

interest.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

JOSEPH F. SAVAGE, JR., ESQ.
KEVIN P. McGRATH, ESQ.

By: /s/ Paul G. Levenson
PAUL G. LEVENSON
Assistant U.S. Attorney
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3147

/s/Kevin P. McGrath (by PGL)
Goodwin Procter, LLP
53 State Street
Boston, MA 02109
(617) 570-1204

Counsel for Defendant Mary Gildea

HARRY L. MANION III
CHRISTOPHER J. CUNIO

/s/ Christopher J. Cunion (by PGL)
Cooley Manion Jones
21 Custom House Street
Boston, MA 02110-3536
(617) 737-3100

Counsel for Defendant Carlos Gomez

dated: January 18, 2006

2

RESTITUTION SCHEDULE

| Name of Payee | Amount of Restitution Ordered | Percentage of Payment |
|---|---|---|
| Eastern Casualty Insurance Co.<br>325 Donald J. Lynch Blvd.<br>Marlboro, MA 01752<br>Attn: Stuart McIntyre | $1,182,876.00 | 37% |
| Massachusetts Laborers' Benefit Funds<br>14 New England Executive Park,<br>Suite 200<br>Post Office Box 4000<br>Burlington, MA 01803-0900<br>Attn: Thomas Masiello, Administrator | $1,723,891.48 | 54% |
| Massachusetts Carpenters Benefit Funds<br>Central Collection Agency<br>350 Fordham Road<br>Wilmington, MA 01887<br>Attn: Harry R. Dow, Executive Director | $273,312.02 | 9% |
| Internal Revenue Service | $831,485.07 | 0% (no payment until all non-federal victims have been paid in full) [18 U.S.C. § §3664(i)] |

## PAYMENT SCHEDULE

1.      The interest rate for the first 12 months shall be 0.0%.  Beginning as of January 25, 2007, interest shall accrue at the statutory rate on any unpaid principal balance of Defendants' restitution and fines.

2.      Commencing on January 25, 2006, Defendants shall pay a total of $40,000 principal per month for 12 months (1/25/06-12/26/06) to the Clerk of Court. These payments shall be made on the 25th of each month (or, if that date is a holiday or weekend, on the next business day).

3.      On or before January 25, 2007, in the event Defendants' business (Lanco Scaffolding Inc.) has sold or refinanced real estate located in Somerville, Massachusetts, Defendants shall make a lump sum principal payment using the net proceeds (i.e. post closing costs, taxes, fees and liens) from the sale or refinancing, which shall be credited toward the outstanding restitution amount and toward defendants' fines.  In the event that Defendants' business (Lanco Scaffolding Inc.) does not sell or refinance real estate located in Somerville, Massachusetts, on or before January 25, 2007, Defendants shall make a lump sum principal payment of $500,000 on January 25, 2007.

4.      To the extent that defendants' restitution obligations and fines have not been paid in full on or before January 25, 2007, Defendants shall continue to pay $40,000 per month, eleven months per year (February through December) until the total restitution figure, all fines and all accrued interest have been paid in full.  These payments shall be made on the 25th of each month (or, if that date is a holiday or weekend, on the next business day).

1

5.    To the extent that defendants' restitution obligations and fines have not been paid in full on or before January 25, 2007, Defendants shall make lump-sum payments, as follows:

| Date | Payment Amount |
|------|----------------|
| January 25, 2008 | $500,000 |
| January 26, 2009 | $500,000 |

6.    On November 25, 2009, Defendants shall pay a lump sum equal to the total outstanding balance of any restitution obligations, plus accrued statutory interest as of that date.

7.    Also on November 25, 2009, each Defendant shall pay a $50,000 fine as ordered by the Court, plus accrued interest on that fine at the statutory rate for the period January 25, 2007 through November 25, 2009, or date of payment if earlier.

Exhibit 5



LAW OFFICES OF JAMES M. DIGIULIO, P.C.
CLIENTS IOTA ACCOUNT
LAKESIDE OFFICE PARK
599 NORTH AVENUE, SUITE 7
WAKEFIELD, MA 01880
(781) 246-5100

53-179/113

8295

10/31/2006

PAY TO THE ORDER OF    Clerk, U.S. District Court

$ **1,292,711.88

One Million Two Hundred Ninety-Two Thousand Seven Hundred Eleven and 88/100************************************    DOLLARS

Eastern Bank

MEMO: restitution payment U.S. v. Gomez

⑆008295⑆ ⑈011301798⑈ 60 008781⑆

Security features. Details on back.