UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | CRIMINAL NO. 5-10022 GAO |
| CARLOS GOMEZ and | ) | |
| MARY GILDEA, | ) | |
| | ) | |
| defendants. | ) | |

UNITED STATES' OPPOSITION TO MARY GILDEA'S MOTION FOR
RECOMMENDATION OF CORRECTIONAL FACILITY DESIGNATION

Ms. Gildea is currently assigned to report to the Federal Correctional Facility in Danbury, Connecticut. By her current motion she asks this Court to make a judicial recommendation to the Bureau of Prisons (BOP) that instead she be designated to serve her term of imprisonment in a halfway-house in Boston, the Coolidge House.

The United States opposes this motion. As discussed below, the issue appears to lie beyond this Court's jurisdiction. Moreover, the Court specifically considered and rejected Ms. Gildea's request at the time of her sentencing. There is no good reason to revisit the issue.

1.  Jurisidictional Considerations

The judgment in this case is final and this Court lacks jurisdiction to alter it at this time. The Court's authority to re-open a judgment, once entered, is limited. See United States v. Burgos-Andujar, 275 F.3d 23, 32 (1st Cir. 2001). Ms. Gildea does not suggest any source of authority for re-opening her case at this late juncture. Rule 35(a) of the Federal Rules of Criminal Procedure -- which provides only a narrow opening for amending a judgment, within 7-days after entry -- offers no help for Ms. Gildea's cause. The Advisory Committee notes to Rule 35(a) of the Federal Rules of Criminal Procedure point out:

> The subdivision is not intended to afford the court the opportunity ⋯ simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

Advisory Committee notes, 1991 amendment (discussing former Rule 35(c), now Rule 35(a)).

Ms. Gildea's current request is unabashedly a request that the Court "change its mind about the appropriateness of the sentence." As such, it is beyond this Court's authority.

2.  <u>Ms. Gildea's Request is Without Merit</u>

Assuming <u>arguendo</u> that the Court had discretion to alter its judgment in this case, there is no good reason to do so.

To their credit, counsel for Ms. Gildea acknowledge that this Court previously considered, and rejected, Ms. Gildea's request for precisely the halfway-house recommendation she now seeks. Gildea Motion at 4. The Court not only rejected the request for a recommendation of a halfway house, it also rejected Ms. Gildea's alternative request for a recommendation that she be designated to FCI Danbury. Sentencing Transcript, p. 63 (Attached to Gildea's Motion as Exhibit 2). The Court did, however, agree to recommend that the Bureau of Prisons (BOP) consider Ms. Gildea's family circumstances in designating a correctional facility for her. As it turns out, the BOP has assigned Ms. Gildea to the Danbury facility, the very place she requested if she could not be assigned to a halfway house.

In her current motion Ms. Gildea suggests that there has been some change of circumstance or uncontemplated eventuality which warrants revisiting her request for a halfway-house designation. She posits that she "did not know if she might be designated to a facility outside Massachusetts." Gildea Motion at 3. But it was true at the time of her sentencing, as it is true now, that the Federal Correctional Facility in Danbury, Connecticut, is the federal prison

for women closest to Ms. Gildea's home Massachusetts.  Given that Ms. Gildea's lawyer expressly requested a recommendation for designation to the Danbury facility, her claims of present surprise ring hollow:

> Mr. Savage:  . . . . First, I would request the Court to consider recommending to the Bureau of Prisons that the time for Mrs. Gildea be served in a halfway house, I thought Coolidge would be appropriate, or at the discretion of the Bureau of Prisons -- if the Court's not inclined to do that, <u>then we recommend Danbury</u>.

Sentencing Transcript, p. 63, lines 2-7 (Attached to Gildea's Motion as Exhibit 2) (emphasis added).

In other words, the record refutes Ms. Gildea's suggestion that her current situation "could not be contemplated at the time of sentencing."  Gildea Motion at 3.

More importantly, the Court explicitly noted that it was weighing heavily the Gildea-Gomez's family circumstances in fashioning a sentence that reflected a very substantial downward departure from the sentencing range contemplated by an application of the United States Sentencing Guidelines.  The Court permitted the defendants to serve their sentences sequentially, in order to mitigate the harm to their children.  At the same time, the Court noted that the purpose of the sentences in this case included the imposition of fair punishment for the offenses and rejected Ms. Gildea's request for a year-and-a-day sentence, which would have allowed good-time reductions to her term of incarceration.  Sentencing Transcript, p. 59, lines 18-23.

There is no occasion to re-visit any of these rulings at this juncture.

Conclusion

Ms. Gildea was shown considerable leniency in the Court's sentence. Further modification of her sentence is both impermissible and unwarrranted.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

dated:  November 20, 2006

By: /s/ Paul G. Levenson
PAUL G. LEVENSON
Assistant U.S. Attorney
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3147

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

dated:  November 20, 2006

/s/ Paul G. Levenson
PAUL G. LEVENSON